IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nathaniel Barkley <br> Debtor | CHAPTER 13 |
| Specialized Loan Servicing LLC, as servicer for The Bank of New York Mellon FKA The Bank of New York, as Trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-6 <br> Movant <br> vs. <br> Nathaniel Barkley <br> Debtor <br> Frederick L. Reigle <br> Trustee | NO. 15-13494 SR <br><br> 11 U.S.C. Section 362 |

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,755.64**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | April 1, 2017 to August 1, 2017 at $1,194.12/month |
| Suspense Balance: | $214.96 |
| **Total Post-Petition Arrears** | **$5,755.64** |

2. The Debtor shall cure the aforesaid arrearage in the following manner:

a). Debtor shall amend/modify his Chapter 13 Plan to provide for plan payments to cure the post-petition arrearage of **$5,755.64**, in addition to the plan payments already provided to cure the pre-petition arrearage as set forth in Movant's proof of claim. Debtor shall, within seven (7) days of the court order granting and/or approving of this stipulation, file with the Court a motion or amended motion to modify the Debtor's Chapter 13 plan as necessary to accomplish the above;

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$5,755.64** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due September 1, 2017 and continuing thereafter, Debtor shall pay the regular monthly mortgage payment of $1,194.12 (or as adjusted under to the terms of the mortgage) on or before the first (1st) day of each month (with late charges to be assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to any such Order. The Order shall be in the form set forth in the proposedから of Order that was filed with Movant's instant Motion for Relief, or in a form substantially similar. ("Movant" in this paragraph, and hereinafter, refers to Movant, or to any of its successors or assignees, should the claim be transferred.)

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees

and costs, due under the terms of the mortgage, loan documents and related agreements, and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: August 16, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: 8/17/2017

Georgette Miller, Esquire
Attorney for Debtor

Date: 8/17/17

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this 22nd day of August, 2017. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Stephen Raslavich